**UNITED STATES of America**

v.

**Monte KHOSRAVI,
Montasser Moghadam.**

**Crim. No. 90-0014.**

United States District Court,
District of Columbia.

March 23, 1990.

Jensen Barber, Washington, D.C., and David Woll, Kensington, Md., for plaintiff.

**MEMORANDUM ORDER**

JOHN GARRETT PENN, District Judge.

The defendants have been charged in a six-count indictment with conspiracy to dis-

tribute 50 grams or more of a mixture and substance containing cocaine base between September 21 and October 5, 1989, (21 U.S.C. §§ 846, 841(b)(1)(A)(iii)), distribution of 5 grams or more of a mixture and substance containing cocaine base on September 27, 1989, (21 U.S.C. § 841(b)(1)(B)(iii)), distribution of 5 grams or more of a mixture and substance containing cocaine base on October 4, 1989, (21 U.S.C. § 841(b)(1)(B)(iii)), distribution of a mixture and substance containing cocaine base on October 4, 1989,[1] distribution of a mixture and substance containing 50 grams or more of cocaine base on October 5, 1989, (21 U.S.C. § 841(b)(1)(A)(iii)), and possession of a pistol without a license on December 6, 1989, (D.C.Code Ann. § 22–3204).

This matter is before the Court on defendants' Motion to Compel the Disclosure of All Informers Who Participated in the Alleged Crimes Charged in this Case.[2] Particularly, the defendants seek the disclosure of an informant known only as "Mr. Hassan". Defendant Khosravi contends that Mr. Hassan's disclosure is critical to his defense to the conspiracy charges. Defendant Moghadam, although he cannot make the same representations as defendant Khosravi, also feels that the informant's identity would be helpful to his case. The government opposes the disclosure of the identity of the informant. The Court heard oral argument on the motion on March 13, 1990.

### I.

On September 21, 1989, a confidential informant introduced Clyde Shelly, an undercover Drug Enforcement Administration agent to defendant Khosravi and his co-defendant Moghadam at Mr. Smiths restaurant located at M and 31st Streets, Georgetown, Washington, D.C. The government contends that at this meeting both defendants agreed to provide crack cocaine to the undercover police officer in the future. There has been no representation that the informant had any subsequent

dealings with the defendants or the government after the initial September 21, 1989 meeting.

### II.

■ In determining whether to require disclosure of an informant the Court must balance the public interest in protecting the flow of information to the government by keeping secret the identity of its informers against the defendant's right to prepare a defense. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Skeens*, 449 F.2d 1066 (D.C.Cir.1971). The necessity for disclosure depends upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* This Circuit has noted that a heavy burden rests on the accused to establish that the identity of an informant is necessary to his defense. *United States v. Skeens*, 449 F.2d at 1070.

### III.

Defendant Khosravi, through counsel, made the following representations to the Court as to his basis for disclosure:

Counsel: And, finally, with respect to the informant request, we—Mr. Khosravi, we would be relying on the *Roviaro* case, and we do it for this reason. Based on the discovery we have had thus far in the case, there would appear to have been Mr. Hassan—I don't know his first name, don't know anything else about him—who introduced the—I believe, the co-defendant and my client to this undercover officer.

It is my understanding that my client was just brought along to go to Mr. Smith's, but not to be—not to be part and parcel of an impending drug deal, and it's Mr. Hassan's testimony, which we believe is critical, because we believe that he can show that, in fact, it was the

---

**1.** Counts III and IV relating to offenses occurring on October 4, 1989, are against defendant Moghadam only.

**2.** Defendant Khosravi filed a written motion in which defendant Moghadam joined. *See* Order filed March 12, 1990.

co-defendant that the DEA was investigating, not my client, Mr. Khosravi, and that, in fact, there for an innocent purpose at the initial meeting as opposed to being there for a criminal purpose.

And other than that, I would rely on the ...

The Court: Well, elaborate just a bit for me, if this is going to be an issue. Are you suggesting that there was direct contact between your client and this informant at the critical time or what?

Counsel: I'm suggesting, your Honor, that the informant, who was known to us as Mr. Hassan, had an arrangement with the co-defendant to meet with certain parties at Mr. Smith's in Georgetown; that it was the co-defendant who invited Mr. Khosravi along, but Mr. Khosravi was not aware that he was being invited there, nor did he go there, for any illegal purpose. He was going to have lunch, in fact, he was seated in a different part of the restaurant.

Mr. Hassan then gathers all these people together, and it is our belief that Mr. Hassan can provide the Court and the fact-finder of several crucial elements of information: One, that it was not Mr. Khosravi who was being investigated, and therefore it was not Mr.—Mr. Khosravi asserted essentially an innocent presence there; and, secondly, that Mr. Hassan, and it is our belief that he is working off some sort of arrest or potential arrest status or that he either was functioning much like Mr. Khosravi had years earlier, he was a paid informant, and I think we're entitled to know those things, because it would appear that it is Mr. Hassan who brought the co-defendant into this mess, and would know that Khosravi was brought there innocently, and therefore it would go to defeat the conspiracy, because that conspiracy, in the 846 conspiracy, the Agreement is a

sine qua non of that particular crime, and if, in fact, Mr. Khosravi was brought there as an innocent presence, we would suggest that there was not the knowledge nor the background for him to engage in an agreement, and that's why we're looking for the informants, And we don't know who they are, all I know is Mr. Hassan, that's all I know I don't know where to find him.

Tr. at 114–116 [3]

## IV.

■ Upon review of the motions, the opposition thereto, and the representation made during the oral argument, the Court concludes that the defendants have not demonstrated that the identity of the informant is necessary to their defense. Particularly, with respect to defendant Khosravi, the fact that the informant may be able to show that defendant Moghadam, rather than defendant Khosravi, was the target of the DEA's investigation and that defendant Khosravi came to the meeting with a "innocent purpose" is not relevant to whether defendant Khosravi entered an agreement to provide drugs to the undercover agent in the future. Moreover, defendant Khosravi does not proffer that the informant can provide testimony that can controvert the government's allegation that at the September 21, 1989 meeting defendant Khosravi agreed to provide drugs to the undercover agent.[4]

With respect to defendant Moghadam, he offers little to support his request to disclose the identity of the informant, other than to state that "such production would be helpful ... as far as the circumstances surrounding their relationship." Tr. at 124. Further, the Court notes that there has been no proffer that Mr. Hassan could testify to the two subsequent sales that the government alleges were pursuant to the

---

**3.** Tr refers to the transcript of the hearing held on March 13, 1990.

**4.** The fact that defendant Khosravi was initially seated separate from the co-defendant Moghadam, the informant, and the undercover agent, does not support a defense of lack of an agreement; particularly, where defendant Khosravi

states that he did later join the other parties of the meeting. The Court further notes that defendant Khosravi is in the position to proffer what Mr. Hassan's testimony may be regarding any alleged agreement that he did or did not enter into during the September 21, 1989, meeting.

conspiracy on September 27, 1989 and on October 5, 1989. The government contends that the informant was not a participant in either sale nor witnessed either sale. Government's Opposition at 11.

For the reasons discussed above, the Court concludes that the defendants' motion to compel the disclosure of all informers who participated in the alleged crimes charged in this case should be denied.

It is hereby

ORDERED that defendants' motion to compel the disclosure of all informers who participated in the alleged crimes charged in this case is denied.